# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 10-CR-07-LRR |
| vs. | **ORDER** |
| ROBERT BENA, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Defendant Robert Bena's "Motion to Dismiss" ("Motion") (docket no. 16).

## II. RELEVANT PROCEDURAL HISTORY

On February 2, 2010, a grand jury returned a one-count Indictment against Defendant. Count 1 charged Defendant with Being a Prohibited Person in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). The Indictment also contained a forfeiture allegation.

On March 5, 2010, Defendant filed the Motion. On March 22, 2010, Defendant entered a conditional plea of guilty to Count 1 of the Indictment. On the same date, Judge Scoles issued a Report and Recommendation (docket no. 26) in which he recommended that the undersigned accept Defendant's conditional guilty plea. On March 23, 2010, the undersigned entered an order accepting Defendant's conditional guilty plea (docket no. 31). Defendant's plea is conditional on the outcome of the Motion. On March 30, 2010, the government filed a Resistance (docket no. 34) to the Motion.

## III. RELEVANT FACTUAL BACKGROUND

On November 16, 2009, Defendant appeared in the Iowa District Court for a hearing ("Hearing") regarding a protective order. On the same date, Judge Angie Wilson

of the Sixth Judicial District of Iowa entered an "Order of Protection" (docket no. 34-2) prohibiting Defendant from contacting Darcey Bena, the victim of Defendant's domestic abuse. Gov't Ex. 2 (docket no. 34-2), at 1-2. Defendant appeared at the Hearing via television monitor. Defendant did not have counsel at the Hearing. Defendant received a copy of the Order of Protection which warned that "federal law provides penalties for possessing, transporting, shipping, or receiving a firearm or ammunition (18 U.S.C. § 922(g)(8))." *Id.* at 1.

## IV. ANALYSIS

Count 1 of the Indictment charges Defendant with a violation of 18 U.S.C. § 922(g)(8), which provides that an individual may not possess a firearm if he or she is subject to a court order that:

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
> (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury[.]

18 U.S.C. § 922(g). Defendant argues that this statute is unconstitutional both facially and as applied to him. The court shall first address Defendant's "as applied" challenges, which assert that the application of the statute to him violates his Fifth and Sixth

Amendment Rights. Next, the court shall address Defendant's facial challenge, which asserts that 18 U.S.C. § 922(g)(8) is unconstitutional under the Second Amendment.

### A. As Applied Challenges

#### 1. Sixth Amendment Right to Counsel

Defendant asserts that, because he did not have counsel at the Hearing, he was deprived of "actual notice" and "the opportunity to participate," as required by the statute. 18 U.S.C. § 922(g)(8). He argues that counsel is integral to the concepts of notice and participation. In support of this argument, Defendant cites *United States v. Belless*, 338 F.3d 1063 (9th Cir. 2003). In *Belless*, the defendant was charged with a violation of 18 U.S.C. § 922(g)(9), "which makes possession of a firearm illegal for anyone 'who has been convicted in any court of a misdemeanor crime of domestic violence.'" *Belless*, 338 F.3d at 1064 (quoting 18 U.S.C. § 922(g)(9)). The defendant pleaded guilty to the predicate misdemeanor "without the benefit of counsel and was not properly advised of his rights before entering the plea." *Id.* at 1065. The Ninth Circuit Court of Appeals held that, "'for purposes of 18 U.S.C. § 922(g)(9), a defendant pleading guilty to a misdemeanor must be informed of the dangers and disadvantages of self-representation before a waiver of the right to counsel will be deemed knowing and intelligent.'" *Id.* at 1069 (quoting *United States v. Akins*, 276 F.3d 1141, 1149 (9th Cir. 2002)).

The court finds *Belless* distinguishable from the instant case. Defendant is charged under a different section of 18 U.S.C. § 922(g) than the defendant in *Belless*. Unlike 18 U.S.C. § 922(g)(9), to be found guilty under 18 U.S.C. § 922(g)(8), a conviction is not required. The relevant predicate is a no-contact or protective order issued after "actual notice" and "the opportunity to participate." 18 U.S.C. § 922(g)(8). In this case, Defendant received actual notice of the Hearing. For purposes of 18 U.S.C. § 922(g)(8), notice "necessarily means that the hearing must have been set for a particular time and place and the defendant must have received notice of that and thereafter the hearing must

3

have been held at that time and place." *United States v. Spruill*, 292, F.3d 207, 220 (5th Cir. 2002). The statute does not require any sort of advance notice. *See United States v. Young*, 458 F.3d 998, 1006 (9th Cir. 2006) (stating that "[t]he statute does not require notice of the fact that [a protective order] would issue, nor does it require any other form of 'advance' notice. Indeed, Congress chose to modify 'notice' with 'actual' rather than 'advance,' implying that it did *not* intend to require 'advance' notice.") (emphasis in the original). Relying on these definitions of notice, the court concludes that Defendant had adequate notice of the Hearing. The fact that Defendant appeared at the Hearing necessarily means that he had actual notice of it. Neither the statute nor the case law requires the advice of counsel to effectuate proper notice.

Turning to the participation issue, the court finds that Defendant received the opportunity to participate as required by the statute. The term "'opportunity to participate' [is] not [an] arcane legal term[] that the general public does not understand[.]" *United States v. Wilson*, 159 F.3d 280, 292 (7th Cir. 1998). Accordingly, the court interprets the phrase "opportunity to participate" in light of its plain meaning. The court finds that Defendant was afforded "the opportunity to participate" at the Hearing. Defendant admits that he "acquiesced to the entry of an [the Order of Protection]." Defendant's Brief ("Def. Brief") (docket no. 16-1), at 2. Defendant's presence at the Hearing and acquiescence to the Order of Protection are sufficient to establish participation. *See United States v. Lippman*, 369 F.3d 1039, 1042 (8th Cir. 2004) (holding that the defendant had an opportunity to participate in a hearing when he "received notice of the hearing and appeared before a judge who was prepared to hear evidence"). Neither the statute nor the case law requires access to or advice of counsel in order to have an "opportunity to participate." In light of the foregoing, the court finds that Defendant's conviction under 18 U.S.C. § 922(g)(8) is constitutional under the Sixth Amendment.

4

## 2.  *Fifth Amendment Right to Due Process*

Defendant argues that the Hearing did not comport with the Fifth Amendment's due process guarantees. He asserts that the "brief opportunity to be seen by the trial judge on a television screen cannot constitute an opportunity to participate[.]" Def. Brief at 4. Again, neither the statute nor the case law requires a full due process hearing. In the instant case, Defendant was not deprived of the statute's two requirements of notice and an opportunity to participate. Accordingly, the court finds that Defendant's conviction under 18 U.S.C. § 922(g)(8) is constitutional under the Fifth Amendment.

## 3.  *Unconstitutional State Proceedings*

The court notes that even if the entry of the Order of Protection was unconstitutional, it still stands as a predicate for purposes of 18 U.S.C. § 922(g)(8). "It is no defense to a prosecution under [18 U.S.C. § 922(g)(8)] that the state restraining order proceedings were unconstitutional." *Young*, 458 F.3d at 1005.

## B. Facial Challenge

Defendant contends that 18 U.S.C. § 922(g)(8) is overbroad, and thus unconstitutional. In support of his argument, Defendant cites *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008). In *Heller*, the Supreme Court held that the District of Columbia's "ban on handgun possession in the home violates the Second Amendment." *Heller*, 128 S.Ct. at 2821-22. The Second Amendment provides that "[a] well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." U.S. Const. amend II. For the first time, the Supreme Court, in *Heller*, announced that the Second Amendment confers an individual right to possess firearms, irrespective of miliary service. *Id*. at 2797.

The Supreme Court "declin[ed] to establish a level of scrutiny for evaluating Second Amendment restrictions." *Id*. at 2821. The court also declines to make such a finding.

However, the court observes that Defendant's argument fails under even the highest level of scrutiny, strict scrutiny.

Strict scrutiny "requires the [g]overnment to prove that the restriction [at issue] furthers a compelling interest and is narrowly tailored to achieve that interest." *Citizens United v. Fed. Election Comm'n*, 130 S.Ct. 876, 882 (2010) (internal quotation marks omitted). The court finds that preventing or reducing domestic violence represents a compelling government interest. *See Lippman*, 369 F.3d 1044 ("Congress had a compelling government interest in enacting § 922(g)(8) to decrease domestic violence.").

The court also finds that § 922(g)(8) is narrowly tailored to achieve the compelling government interest of decreasing domestic violence. In *United States v. Emerson*, the Fifth Circuit Court of Appeals held, prior to *Heller*, that the Second Amendment confers an individual right to possess firearms, regardless of military or militia membership. 270 F.3d 203, 261 (5th Cir. 2001). The Fifth Circuit Court of Appeals, however, stated that this holding did not prohibit the enactment of "narrowly tailored specific exceptions or restrictions for particular cases that are reasonable and not inconsistent with the right of Americans generally to individually keep and bear their private arms[.]" *Id.* In keeping with this view, the Fifth Circuit Court of Appeals found that 18 U.S.C. § 922(g)(8) is narrowly tailored to achieve the compelling government interest of reducing domestic violence. *Id.* at 261-264. Several district courts have arrived at similar conclusions. *See United States v. Luedtke*, 589 F. Supp. 2d 1018, 1025 (E.D. Wis. 2008) ("[E]ven if [the court] were to apply strict scrutiny, as the defendant asks, the statute would survive."); *United States v. Knight*, 574 F. Supp. 2d 226-227 (D. Me. 2008) ("Unlike *Heller*, the § 922(g)(8) crime is not an outright ban on firearm possession. Instead, the prohibition lasts only as long as the underlying state court order is in effect . . . the scope of the prohibition is actually quite narrow."); *United States v. Grote*, No. CR-08-6057-LRS,

2009 WL 853974, at * 7 (E.D. Wash. Mar. 26, 2009) ("Section 922(g)(8), even after *Heller*, is narrowly tailored to serve a compelling government interest[.]").

The court agrees with these well-reasoned decisions. Section 922(g)(8)'s procedural safeguards ensure that individuals are not erroneously deprived of their constitutional right to keep and bear a firearm. Before any dispossession of firearms may occur, a hearing that comports with the statute's requirements of notice and participation must take place. Additionally, the order issued at such a hearing must include a finding that the person against whom the order is issued "represents a credible threat to the physical safety of such intimate partner or child." 18 U.S.C. § 922(g)(8). These provisions prevent an overbroad application of the statute. Accordingly, the court finds that 18 U.S.C. § 922(g)(8) is narrowly tailored to advance a compelling government interest, and thus is facially constitutional.

## V. CONCLUSION

For the foregoing reasons, the Motion (docket no. 16) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 6th day of April, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA